# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL FARLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-21-65-SLP |
| RON WILLIAMS et al., | ) |
| Defendants. | ) |

## O R D E R

Plaintiff Michael Farley, a state prisoner appearing pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Plaintiff's § 1983 claims arise from the Defendants' alleged unconstitutional conduct in relation to Plaintiff's state court convictions in Stephens County District Court Case Nos. CF-2017-171 and CF-2018-125, as well as his subsequent revocation in the former case.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin, who issued a Report and Recommendation ("R. & R.") [Doc. No. 14]. Judge Erwin recommended this Court dismiss Plaintiff's Amended Complaint [Doc. No. 11] and Supplemental Notice [Doc. No. 12] without prejudice. Plaintiff timely filed his Objection to the R. & R. [Doc. No. 15]. He filed a second, untimely Motion to Object [Doc. No. 17]. The Court reviews de novo those portions of the R. & R. to which Plaintiff made specific objections. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). For the following reasons, the Court ADOPTS the R. & R.

I. **Background**

As set forth in the R. & R.,[1] Plaintiff pleaded guilty to one count of the felony offense of Larceny in the Nighttime on April 12, 2018 in Case No. CF-2017-171. He received an eight-year prison sentence, which was suspended pursuant to the rules and conditions of his probation. On May 21, 2018, the State charged Plaintiff with one count of Possession of a Firearm After Felony Conviction in in Case No. CF-2018-135. Because Plaintiff also violated his probation by possessing a firearm, the State moved to revoke his suspended sentence in Case. No. CF-2017-171. On August 16, 2018, Plaintiff pleaded guilty to the felony firearm charge. The State sentenced him to a fifteen-year term of imprisonment in Case No. CF-2018-135 and revoked his suspended sentence in Case. No. CF-2017-171. The two sentences, which were ordered to run concurrently, were again suspended in full, pursuant to the rules and conditions of probation, following successful completion of a substance abuse treatment program. *See* Sentencing, *Oklahoma v. Farley*, Case No. CF-2017-171 (Stephens Cnty. Dist. Ct. Aug. 17, 2020).[2]

On August 28, 2020, the State moved to revoke Plaintiff's sentence in Case No. CF-2017-171 for probation violations stemming from Comanche County Case Nos. CM-2020-

---

[1] The Court includes citations to relevant factual material not discussed in the R. & R.

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

978 (driving under the influence of alcohol), CM-2020-979 (driving under suspension), and CM-2020-980 (failure to report an accident by driver).[3] On September 17, 2020, Plaintiff stipulated to the probation violations. *See* Def.'s Stipulation, *Farley*, Case No. CF-2017-171 (Sept. 17, 2020). After Plaintiff failed to appear for his scheduled revocation hearing, a bench warrant was issued for his arrest on November 19, 2020. Following a hearing on January 21, 2021,[4] the State revoked the remainder of Plaintiff's suspended sentence in Case No. CF-2017-171.

Plaintiff then filed suit against his court-appointed attorney, Ron Williams; Stephens County Assistant District Attorney Bobby Lewis; and Stephens County, Oklahoma. *See* Am. Compl., [Doc. No. 11]; Suppl. Notice [Doc. No. 12]. Plaintiff asserted five claims: (1) malicious prosecution, alleging Defendants Lewis and Williams worked together to "revoke [Plaintiff] on misdemeanors with no recorder [sic] in courtroom," Am. Compl. [Doc. No. 11] at 5; (2) malicious prosecution against Stephens County, arguing his sentences in CF-2017-171 and CF-2018-125 were excessive; (3) a claim that "there was no court recorder [sic]" at his January 21, 2021 revocation hearing, and that Defendants Lewis and Williams "team[ed] up against [Plaintiff] with Judge Gramham [sic]," Suppl.

---

[3] Though the R. & R. erroneously states that these charges were brought in Stephens County, this discrepancy is immaterial to the Court's analysis.

[4] The OSCN docket for Case No. CF-2017-171 reflects that an order of revocation was not entered until March 2, 2021, but Plaintiff refers to the January 21, 2021 revocation hearing in both his Supplemental Notice, [Doc. No. 12] at 1, and Objection, [Doc. No. 15] at 4.

Notice [Doc. No. 12] at 1; (4) excessive bail in violation of Plaintiff's Eighth Amendment rights;[5] and (5) ineffective assistance of counsel against Defendant Williams.

Judge Erwin conducted a screening of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a)–(b). He recommended the Court dismiss Plaintiff's first three claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), dismiss Plaintiff's fourth claim for failure to state a claim, and dismiss Plaintiff's fifth claim as improperly filed in a § 1983 action. *See* R. & R. [Doc. No. 14] at 6–8. Plaintiff objected to Judge Erwin's recommendations on the first four claims.[6]

## II. Governing Standard

Dismissal under § 1915A(b)(1) for failure to state a claim upon which relief may be granted is governed by the same standards as those governing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Witmer v. Grady Cty. Jail*, 483 F. App'x 458, 461 (10th Cir. 2012). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible when the allegations give rise to a reasonable inference that the

---

[5] In his objection, Plaintiff clarifies "[t]his is an 8th Amendment claim," but still does not specify which Defendant(s) violated his rights. Pl.'s Obj. [Doc. No. 15] at 4.

[6] Plaintiff's objection gives additional factual background on his ineffective assistance of counsel claim. *See* Pl.'s Obj. [Doc. No. 15] at 3–4. But Plaintiff does not object to Judge Erwin's conclusion that any request to reduce or dismiss charges is improper in a § 1983 action; rather, Plaintiff agreed he did not intend for Judge Erwin to recharacterize his § 1983 action as a habeas corpus claim. *See id.* at 5 ("No recharacterization is necessary . . . .").

defendant is liable." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 858 (10th Cir. 2016).

## III.    Discussion[7]

### A. *Claims One, Two, and Three*

The Court concurs with Judge Erwin's *Heck* analysis and finds Plaintiff's first three § 1983 claims are barred against all Defendants. These claims imply the invalidity of Plaintiff's convictions and revocation, but Plaintiff has not demonstrated that either his convictions or his revocation have been reversed, expunged, or otherwise invalidated. *See Heck*, 512 U.S. at 486–87. In response to Judge Erwin's recommendation, Plaintiff agrees that "*Heck* bars civil suits from seeking monetary damages via collateral attack on criminal proceedings," but urges that he brings his § 1983 action "in conjunction with a Habeas Corpus [action]." Pl.'s Obj. [Doc. No. 14] at 4. Plaintiff insists that success in his habeas corpus action "would render *Heck* irrelevant to this action." *Id.* Since Plaintiff filed this objection, however, his action seeking a petition for a writ of habeas corpus was dismissed and has not been refiled. *See Farley v. Dunkin*, No. CIV-66-R (W.D. Okla. Sept. 28, 2021). As Plaintiff offers no additional objection, the Court ADOPTS the R. & R. as to the first three claims.

---

[7] The Court construes a pro se litigant's pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *see also Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe pro se filings, we do not assume the role of advocate.") (quotations and citation omitted).

### B. *Claim Four*

Judge Erwin recommended dismissal of Plaintiff's fourth claim for failure to state a claim, finding the asserted facts insufficient to establish a violation of the Eighth Amendment. *See* R. & R. [Doc. No. 14] at 7–8. The Eighth Amendment prohibits bail that is excessive when compared to "the interest the Government seeks to protect." *United States v. Salerno*, 481 U.S. 739, 754 (1987). One such interest is "insur[ing] the appearance of the accused at trial." *Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983). Plaintiff's Objection does not assert that either ADA Lewis or Mr. Williams played a role in setting his bail, which is a judicial function.[8] As a result, Plaintiff's claim fails with respect to Defendants Lewis and Williams.

Plaintiff's allegations are also insufficient to state a claim against Stephens County. To bring a successful § 1983 claim against a county, a litigant must demonstrate (1) that the county had an official policy or custom, which (2) directly caused the deprivation of a constitutional right. *See Bryson v. City of Okla. City.*, 627 F.3d 784, 788 (10th Cir. 2010); *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (applying municipal liability to counties). Here, Plaintiff fails to make both showings.

First, Plaintiff alleges that "Stephens County is at the top of the bar graph for bond amounts within Oklahoma and likely the Nation." *See* Pl.'s Obj. [Doc. No. 15] at 4. But "an official policy or custom for § 1983 municipal-liability purposes" must be "a formally

---

[8] Plaintiff's specific allegations against Judge Herberger are immaterial because Judge Herberger is not a party to this action. *See* Pl.'s Obj. [Doc. No. 15] at 4–5.

6

promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).  Plaintiff does not allege the existence of a formal policy, like a bond schedule, or that county officials are trained to set bail higher than necessary; nor does he allege the existence of an informal but well-settled custom among county officials.  Rather, he states that Judge Herberger set his bail "excessively high . . . out of a dictatorial mentality," and that "Judge Herberger simply didn't want [him] free with access to legal resources and revenue." Pl.'s Obj. [Doc. No. 15] at 4–5.  These allegations against a single county official are insufficient to establish the existence of an official policy or custom.  Instead, the implication that Judge Herberger acted out on his own "dictatorial mentality" with the motivation to deprive Plaintiff of access to legal resources undercuts any suggestion of an official policy or custom.

Further, Plaintiff fails to establish a plausible violation of his Eighth Amendment rights.  "[T]he fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." *Stack v. Boyle*, 342 U.S. 1, 5 (1951).  Consistent with this concept, Oklahoma judges must consider certain enumerated guidelines before fixing bail. See *Brill v. Gurich*, 965 P.2d 404, 406 (Okla. Crim. App. 1998), *as corrected* (Sept. 23, 1998) (quoting *Pet. of Humphrey*, 601 P.2d 103, 108 (Okla. Crim. App. 1979)).  Before setting bail, Judge Herberger was obligated to consider, *inter alia*, Plaintiff's "criminal record . . .and previous record on bail," his "reputation, and mental condition," his "employment status," and "[a]ny other factors

7

indicating [his] mode of life, or ties to the community or bearing on the risk of failure to appear." *Id.*

Plaintiff has not provided any facts which relate to the guidelines. Instead, he offers one factual assertion in support of his claim—that he is "not a flight risk because [he] ha[s] paid legal counsel in Lawton." Pl.'s Obj. [Doc. No. 15] at 4. This argument implies that retention of private counsel necessarily eliminates any risk that a criminal defendant would fail to appear. But Plaintiff does not explain why $25,000 bail is excessive when considered in conjunction with *his specific circumstances*. Thus, he has not plausibly demonstrated that his bail was "higher than necessary to insure" his appearance in violation of his Eighth Amendment rights. *Meechaicum*, 696 F.2d at 791.

Because Plaintiff has not sufficiently alleged either a constitutional deprivation or an official policy or custom, the Court ADOPTS the R. & R. and dismisses Plaintiff's fourth claim for failure to state a claim under 28 U.S.C. § 1915A(b).

C. **Motion to Object**

Finally, Plaintiff filed a "Motion to Object," in which he requests leave to "add to" his third claim to further explain "the unfairness of [his] revocation hearing." *See* Pl.'s Mot. [Doc. No. 17] at 3. This filing is not a timely objection to the R. & R.,[9] and Plaintiff has not identified any procedural basis for filing multiple objections to the R. & R. Because

---

[9] Plaintiff's deadline to object to the R. & R. was April 23, 2021, and his Motion was postmarked nearly five months later, on September 22, 2021.

it is untimely and duplicative, the Court declines to consider it.[10] *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED by the Court, and Plaintiff's Objection [Doc. No. 15] and Motion to Object [Doc. No. 17] are OVERRULED.

IT IS FURTHER ORDERED that Defendant's claims are DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered contemporaneously.

IT IS SO ORDERED this 26th day of September, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiff has already amended his Complaint once as a matter of course, *see* Am. Compl. [Doc. No. 11], so additional amendments require leave of the Court, *see* Fed. R. Civ. P. 15(a)(2). Even if the Court treated the filing as a motion to amend, the proposed amendment would be subject to dismissal because it is still insufficient to state a claim.

The factual allegations are not entirely clear, but Plaintiff appears to argue that his court-appointed attorney failed to raise several arguments about the unfairness of the revocation proceeding, including certain evidence in Case No. CF-2017-171. *See* Pl.'s Mot. [Doc. No. 17]. As explained above, an ineffective assistance of counsel claim is not properly pursued in this action.

Plaintiff also appears to argue that his revocation proceeding was unfair because it occurred during the COVID-19 pandemic. *See id.* It is again unclear which Defendant(s) Plaintiff endeavors to bring his claim against, *see* Pl.'s Suppl. Notice [Doc. No. 12] at 1. Regardless, the crux of the argument still relies on the unfairness of the revocation. As this argument "necessarily implies the invalidity" of the revocation, the proposed amendment would be barred be *Heck* as detailed above. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).